**Reversed and Remanded and Memorandum Opinion filed August 13, 2024.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-23-00395-CV

_____

## GAY BUICK GMC, INC., Appellant

## V.

## NICOLA J. JOHNS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 22-CV-2014**

## MEMORANDUM OPINION

If a party does not deny signing an arbitration agreement, can the same party avoid arbitration by alleging that other parts of the sales contract, which the arbitration agreement is part of, contain forged signatures? Under the facts in this case, the answer is no. In three appellate issues, which we consider as one, appellant Gay Buick GMC, Inc. argues that the trial court erred by denying its motion to compel arbitration under the Federal Arbitration Act ("FAA"). We reverse and remand.

# I.     BACKGROUND

Gay Buick is a franchised dealer of motor vehicles in Galveston County. In August 2022, appellee Nicola Johns attempted to purchase a car from Gay Buick. As part of the sales transaction, Johns signed several documents, including a loan application and a retail installment sales contract that contained an arbitration provision. Johns provided pay stubs from Amazon.com as proof of employment; based on the information Johns provided, her loan application was conditionally approved.

In the following weeks, the lender was unable to verify Johns's employment or obtain her bank statements. Gay Buick reached out to Johns, and she admitted that she no longer worked at Amazon.com, but she received severance pay. Gay Buick asked for her bank statement, but she did not "feel comfortable providing that information"; she told Gay Buick that if her bank statements were necessary for her loan to be approved, she wanted to see a written letter requesting her bank statement. Because Johns could not prove her employment or income, Gay Buick informed Johns that her credit application was denied and that she needed to return the car. Johns insisted that she had bought the car under contract and refused to return the vehicle unless she received a copy of her credit application.

In September 2022, the car was towed. The tow truck operator provided Johns with documents that Johns did not recall seeing or signing. Johns then filed suit against Gay Buick, asserting violations of the Truth in Lending Act, violations of the Equal Credit Opportunity Act, breach of contract, fraud, and forgery. In her petition, Johns alleged that Gay Buick forged several of her signatures and initials throughout the sales contract.[1]

---

[1] Johns's arguments do not challenge the validity of or involve any of the specific portions of the sales contract where the forged signatures are found.

Without specifically denying the allegation that several of the signatures in the sales contract were forged, Gay Buick filed a motion to compel arbitration, focusing on the fact that Johns did not allege that her signature on the arbitration agreement was forged, meaning she should still be bound to arbitrate her claims; the trial court denied the motion. Gay Buick filed this interlocutory appeal. *See* 9 U.S.C. § 16(a)(1)(B) (permitting interlocutory appeal of an order denying a motion to compel arbitration); Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (appeal arising under the FAA).

## II.    ANALYSIS

### A.    Standard of review and applicable law

The FAA applies to the arbitration agreement here because the parties expressly agreed to arbitrate under the FAA. *See In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011) (orig. proceeding).

Under the FAA, a party seeking to compel arbitration must establish the existence of a valid arbitration agreement and the existence of a dispute within the scope of the agreement. *Baby Dolls Topless Saloons, Inc. v. Sotero*, 642 S.W.3d 583, 585–86 (Tex. 2022). If one party resists arbitration, the trial court must determine whether a valid agreement to arbitrate exists, which is a question of law subject to de novo review. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). A party resisting arbitration can challenge (1) the validity of the

---

For example, on one of the pages, the sales contract says, "Upon verification buyer agrees to pay amount exceeding this figure," with an arrow pointing to a box labeled "Balance Owed," which is simply filled in with "**N/A**." Johns's initials appear next to the box; this is one of several alleged forgeries. However, Johns does not allege that this portion of the sales contract was altered in any way to her detriment, or that terms were added to the sales contract without her consent, or that terms of the sales contract were misrepresented to her.

This is true of all the other forged signatures. Johns generally asserts without citation to authority that the presence of the forged signatures voids the entire contract.

3

contract as a whole, (2) the validity of the arbitration provision specifically, and (3) whether an agreement exists at all. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 124 (Tex. 2018) (citing *In re Morgan Stanley & Co.*, 293 S.W.3d 182, 187 (Tex. 2009)).

> As a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract—the separability doctrine. For that reason, a challenge to the larger contract's validity—the first type above—is determined by the arbitrator. The second type of challenge—to the validity of the arbitration provision specifically—is for the court to decide unless clearly and unmistakably delegated to the arbitrator. Challenges of the third type—that the contract "never came into being"—are decided by the court.

*Sotero*, 642 S.W.3d 583 at 586 (internal citations omitted).

Because the trial court did not state a basis for its ruling, we must uphold the trial court's ruling on any legal theory supported by the evidence. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex. 1990).

**B.    Application**

Gay Buick, as the movant, bore the burden of establishing a valid arbitration agreement binding Johns. *See Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). Accordingly, the first analytical step requires Gay Buick to "show the agreement meets all requisite contract elements." *J.M. Davidson*, 128 S.W.3d at 228.

The elements needed to form a valid and binding contract are (1) an offer, (2) acceptance in strict compliance with the offer's terms, (3) a meeting of the minds, (4) consent by both parties, and (5) execution and delivery. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018). Gay Buick provided prima facie evidence of a valid arbitration agreement—an arbitration agreement signed by Johns—so the burden shifted to Johns to negate enforcement

of the arbitration agreement. *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 118 (Tex. App.—El Paso 2018, no pet.). Johns argued that she presented sufficient evidence to "raise issues of material fact regarding the validity and enforceability of [the contract] based on her claims of fraud and forgery." However, a challenge to a contract's validity is a decision determined by the arbitrator, not the trial court. *See Sotero*, 642 S.W.3d 583 at 586.

Although Johns alleges that Gay Buick forged her signature and initials in multiple places throughout the sales contract and accompanying documents, she does not deny that she personally signed the arbitration provision of the contract.[2, 3] She also does not make any allegation of fraud related to the arbitration agreement itself. *See Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) ("While an arbitration agreement procured by fraud is unenforceable, the party opposing arbitration must show that the fraud relates to the arbitration provision specifically, not to the broader contract in which it appears."). While Johns's allegations of forgeries and fraud challenge the validity of the entire sales contract, that is a question ultimately determined by the arbitrator; Johns has not provided any evidence to negate enforcement of the arbitration agreement itself.

Gay Buick additionally argues that Johns is estopped from avoiding arbitration because she relies on the sales contract by asserting a breach-of-contract claim in addition to her other claims. Johns argues in response that because of the

---

[2] We note that Gay Buick has not refuted the allegation that it signed for Johns multiple times on the sales contract.

[3] Johns argues that because the contract and arbitration agreement were signed electronically, the Electronic Signatures in Global and National Commerce Act ("E-Signatures Act") and the Texas Uniform Electronic Transactions Act ("Texas UETA") apply to this transaction. According to Johns, the application of the Texas UETA and E-Signatures Act supports the trial court's denial of Gay Buick's motion to compel arbitration, but neither of those theories were presented to or relied on by the trial court. Furthermore, whether application of the Texas UETA or E-Signatures Act invalidates the sales contract is another question for the arbitrator, not the trial court. *See Sotero*, 642 S.W.3d 583 at 586.

5

forged signatures, she is not estopped because there is no valid agreement between her and Gay Buick. It is true that Johns's position on the existence of a contract seems inconsistent. Johns claims that she is not compelled to arbitrate her claims because the forged signatures make the sales contract unenforceable, yet Johns sues for breach of contract and refused to return the car to Gay Buick, insisting she had purchased it under contract. When a party pursues a claim based on a contract that contains an arbitration clause, "then they must pursue all claims—tort and contract—in arbitration." *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 132 (Tex. 2005). Because Johns alleges a breach-of-contract claim, she must pursue all related claims in arbitration, as well. *Id.*

Gay Buick presented evidence of a valid arbitration agreement, and it is undisputed that Johns's claims are within the scope of the arbitration agreement. Johns does not dispute that she signed the arbitration agreement, and she does not challenge the validity of the arbitration provision itself. Johns's claim that the alleged forgeries invalidate the sales contract, however, is an issue for the arbitrator to resolve. *See Sotero*, 642 S.W.3d 583 at 586.

We conclude that the trial court erred by denying Gay Buick's motion to compel arbitration. We sustain Gay Buick's sole issue.

### III. CONCLUSION

We reverse the trial court's order denying arbitration and remand to the trial court with instruction to grant the motion to compel arbitration.

/s/ Charles A. Spain
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

6